# TILEM & ASSOCIATES, PC

188 East Post Road - 3rd Floor
White Plains, New York 10601
914-833-9785
Fax 914-833-9788
www.tilemandcampbell.com

Partners
Peter H. Tilem, Esq.•
Associates
Jasmine Hernandez, Esq.•

• Admitted in NY & CT
• Admitted in NY

*[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: ___]*

## MEMO ENDORSED

September 24th, 2014

*VIA ECF*

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

RE: **The Westchester County Independence Party, et al. v. Robert P. Astorino, et al. United States District Court, SDNY, Civil Case No. 13-cv-7737 (KMK)**

Dear Judge Karas:

We are in receipt of a letter dated September 23rd, 2014, advising the Court that the Defendants represented therein will be seeking sanctions under Rule 11 (the "Sanctions Letter"). The primary basis for the Sanctions Letter is the purported failure by the Plaintiffs to plead the elements of RICO with particularity as to each defendant and the failure to show damages.

**PLAINTIFF PLED THE AMENDED COMPLAINT WITH SUFFICIENT PARTICULARITY AS TO DEFENDANTS' OVERALL SCHEME TO DEFRAUD**

To establish a Rule 11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." Park v. Seoul Broad. Sys. Co., 05 CV 8956 BSJ DFE, 2008 WL 619034 (S.D.N.Y. Mar. 6, 2008) (quoting Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985). "Rule 11 imposes

Hon. Kenneth M. Karas                    Page 2

a duty on every attorney to conduct a reasonable pre-filing inquiry into the evidentiary and factual support for the claim, and to certify that the legal arguments are supported by existing law, and therefore that they are not frivolous." Capital Bridge Co. v. IVL Technologies, No. 04 Civ. 4002, 2007 WL 3168327 at (S.D.N.Y. Oct. 26, 2007) (citing Rule 11(b)). As for Rule 11(b)(3), "[w]ith regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'" Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 388 (2d Cir. 2003) (quoting O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir.1996)). Here, there are absolutely no allegations plead by the Plaintiffs that are utterly lacking in support. As such, a Rule 11 motion is entirely inappropriate.

Plaintiffs Second Amended Complaint goes into excruciating detail[1] of the crimes and illegal acts committed by Defendants in their overall scheme to defraud and coordinate a party raid of the Westchester County Independence Party by unlawfully enrolling Westchester Republican Party members, and others, in the Westchester County Independence Party in order to control the outcome of the Election for Westchester County Executive, and future elections, including County Legislative seats.

Plaintiffs contend that there is a good-faith basis for the facts that were pled within the Second Amended Complaint; therefore, making Defendants request for a Rule 11 Motion inappropriate at this juncture in the litigation. Defendants have the opportunity, if after discovery it turns out there was never a good faith basis for Plaintiffs to make these allegations, then we can revisit going down the Rule 11 road. Essentially, defendants are taking a short cut to summary judgment before this Court can even decide on Defendants' motions filed pursuant Fed. R. Civ.Pro 12(b)(6) to dismiss the Second Amended Complaint.

Furthermore, in its recent decisions on RICO, this Court has acknowledged that legal fees spent in response to the Defendants' illegal actions constitute RICO damages when they are caused by a RICO violation, and thereby suffice as damage to the business or property of a Plaintiff. In that regard, it is beyond dispute that the Appellate Division has thrown out 4000 illegally joined members from the Independence Party, whose membership was fraudulently procured and engineered by Defendant Astorino. It is also beyond dispute that Astorino said he would "decapitate" the independence party "with an army of thousands." Therefore, the Plaintiffs adequately pled RICO damages when they alleged that they were forced to pay legal fees in order to obtain justice from the Appellate Division.

---

[1] The overall scheme to defraud is supported by the countless details as to the Defendants' actions and documentary evidence with respect to those acts. Similarly, with respect to the damages and injury portion of the Second Amended Complaint, in addition to the substantial specific detailed injuries alleged therein, the overall larger scheme to defraud, including the illegal acts committed in furtherance of this scheme, are spelled out with particularity. As this Court has ruled in recent cases with respect to mail and wire fraud, plaintiffs are not required to allege that each and every defendant committed an overt act of fraudulent mailing or wiring. Instead, plaintiffs need only allege with particularity an overall scheme, and each defendant's participation in that scheme. The Plaintiffs herein did so. Therefore, the Defendants are directly put on notice of the Plaintiffs allegations.

Hon. Kenneth M. Karas                      Page 3

In summary, we believe that the Sanctions Letter was interposed in bad faith in an effort to manipulate the Court for political purposes. As a result, this letter constitutes a pre-motion request by the Plaintiffs for Rule 11 Sanctions against the Defendants for the interposition of the bad faith Sanctions Letter.

Respectfully,

/s/ Peter. H. Tilem
PETER TILEM, ESQ.
TILEM & ASSOCIATES, P.C.
188 East Post Road
White Plains, New York 10601
(914)833-9785

> There will be no Rule 11 litigation until the other pending motions are resolved.
>
> So Ordered.
>
> /s/ KMK
> 10/9/14